IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH E. MATHEWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:20-cv-106-ALB-JTA |
| | ) |
| KECIA CULT, | ) |
| | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Joseph E. Mathews filed this suit against Defendant Kecia Cult under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.*, in state court. (Doc. No. 1-1.) The defendant removed the suit to federal court (Doc. No. 1) and filed a Motion to Dismiss (Doc. No. 4). This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate, pursuant to 28 U.S.C. § 636. (Doc. No. 5.)

On March 5, 2020, the court ordered the plaintiff to file a response to the defendant's motion to dismiss before March 26, 2020. (Doc. No. 6.) The plaintiff accepted service of the Order on March 7, 2020 but failed to file a response. (*See* Doc. No. 7.) On April 13, 2020, the court afforded the plaintiff another opportunity to respond to the defendant's motion by ordering him to show cause by May 4, 2020 as to why the defendant's motion should not be granted. (Doc. No. 8.) In said Order, the plaintiff was cautioned that his

failure to show cause or comply with the court's Order would result in a Recommendation by the undersigned that this case be dismissed. (*Id.*)

As of the present date, the plaintiff has failed to respond to the court's April 13, 2020 Order despite having accepted service on April 16, 2020. (Doc. No. 9.) The undersigned therefore concludes this case is due to be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, it is the RECOMMENDATION of the undersigned that this case be DISMISSED without prejudice for failure of the plaintiff to prosecute this action by compliance with this court's Orders.

**On or before June 26, 2020**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 11th day of June, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE